Bilal A. Essayli (State Bar No. 273441)
D. Andrew Brown (State Bar No. 273430)
Thomas W. Holloman (State Bar No. 328540)
ESSAYLI & BROWN LLP
18191 Von Karman Avenue, Suite 100
Irvine, California 92612
Telephone: 949.508.2980
Facsimile: 949.508.2981

Attorneys for JASON ORTIZ and
BRIANNA ORTIZ

FILED
FEB 26 2021
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>JASON ORTIZ and BRIANNA ORTIZ,<br><br>Debtors, | Case No. 6:19-bk-12074-SC<br><br>Chapter 7<br><br>Adversary No.:6:19-01091 SC<br><br>**DEBTORS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE EXHIBIT 17**<br><br>Trial Date: March 29, 2021<br>Time: 9:30 a.m.<br>Courtroom: 5C |

PLEASE TAKE NOTICE that on March 29, 2021 at 9:30 a.m., or as soon thereafter as this matter can be heard, before the Honorable Scott C. Clarkson of the United States Bankruptcy Court for the Central District of California, at Courtroom 5C of the above captioned court, debtors Jason Ortiz and Brianna Ortiz, will move and hereby do move in limine to exclude the factual contents of any state court records, specifically the contents of the Order on Motion to Expunge marked as Exhibit 17 by plaintiff Commonwealth Land Title Insurance Company.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, attached exhibits, all pleadings and papers on file in this

action, and any other matters of which the Court may take notice or that may be presented at the hearing on this motion.

DATED: February 26, 2021

ESSAYLI & BROWN LLP

By: _____
Bilal A. Essayli
Attorneys for JASON ORTIZ and
BRIANNA ORTIZ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The parties have agreed that among the issues of fact that will be litigated at trial are: (1) Whether Arthur Meisner ("Meisner") possessed the mental capacity to enter into and execute a deed of trust with Jason Ortiz ("J. Ortiz"); and (2) If Meisner lacked mental capacity, whether J. Ortiz knew or should have known that Meisner lacked mental capacity to sign documents. *See* Joint Trial Stipulation, Dkt. 36 at Pg. 4.

Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") seeks to introduce several state court records from the underlying conservatorship proceedings that were initiated prior to Meisner's death. *See* Plaintiff's Exhibits 10, 11, 13, and 17. Specifically, Commonwealth has indicated that it intends to rely heavily on one of these documents at trial to establish Meisner's lack of capacity. Specifically, Commonwealth seeks to rely on a state court order denying a motion to expunge a lis pendes. This record is marked as Exhibit 17 on plaintiff's exhibit list and is attached hereto as Exhibit A.

In making its ruling, the state court commented on the probable success of petitioner's case. The evidence considered by the state court was limited to expert declarations[1], and the court never held an evidentiary hearing or otherwise subjected the presented evidence to the adversarial process before issuing its ruling. Commonwealth mistakenly believes that this state court ruling on a motion is controlling before this Court on the central issue to be considered at trial: Meisner's capacity to enter into an agreement. As explained below, while the Court may certainly take judicial notice of proceedings and rulings in other courts, it may not take judicial notice of facts contained within those records that are subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, Commonwealth should be precluded from relying on the facts contained within any state court record as evidence during trial.

---

[1] Commonwealth intends to call the identical experts as witnesses during trial.

## II. ARGUMENT

### A. Facts Contained Within State Court Records Which Are Subject To Reasonable Dispute May Not Be Judicially Noticed.

Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute" that is "generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

"Courts routinely take judicial notice of publicly available records, including hearing transcripts, from other court proceedings." *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012). However, a court may not take judicial notice of facts that are subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Neylon v. County of Inyo*, No. 1:16-CV-0712 AWI JLT, 2016 U.S. Dist. LEXIS 161326, 2016 WL 6834097, at *2 (E.D. Cal. Nov. 21, 2016) ("Federal courts may take judicial notice of orders and proceedings in other courts . . . [W]hile judicial notice may be taken of the existence and authenticity of public and quasi-public documents, the facts contained within those documents which are subject to reasonable dispute may not be judicially noticed.").

For example, a court may take judicial notice of the fact that a party entered a nolo contendere plea, but the court may not take judicial notice of any representations made during the plea hearing that might be subject to dispute. *See Shotland v. City of Torrance*, 189 F. App'x 615, 617 (9th Cir. 2006) (Bybee, J., dissenting) (explaining that the court could take judicial notice of a court transcript to establish the fact that a judicial officer held a search was constitutional but could not take judicial notice of the fact that the search actually was constitutional).

The same is true here. Commonwealth may seek to introduce state court records from Meisner's conservatorship proceedings to establish what actions were taken by the state court, but the factual contents of such records may not be judicially noticed. One of the documents Commonwealth has marked as an exhibit is a state court order denying a motion to expunge a lis pendens. *See* Plaintiff Exhibit 17. In denying the motion, the court wrote an opinion summarizing the probability of the petitioner's claim. The court's opinion was based almost exclusively on a

declaration by Dr. Alisha Johnson submitted by petitioner. Dr. Johnson's declaration admits that the first time she examined Meisner was one month *after* the transaction at issue had concluded.

Importantly, the state court did not hold an evidentiary hearing, did not permit cross examination of Dr. Johnson, and did not provide any opportunity for Debtors to challenge merits of petitioner's claim prior to this ruling. Given the lack of adversarial proceedings on this important matter, it is fair to say that the status of Meisner's capacity is reasonably in dispute, and in fact the parties have stipulated that it is one of the central issues that will be consider by this Court in the upcoming trial.

## III. CONCLUSION

Based on the foregoing, Debtors respectfully request this Court preclude Commonwealth, their counsel and witnesses, from introducing or arguing the factual contents of any state court records, specifically the contents of the Order on Motion to Expunge marked as Exhibit 17 by Plaintiff.

DATED: February 26, 2021

ESSAYLI & BROWN LLP

By: _____
Bilal A. Essayli
Attorneys for JASON ORTIZ and
BRIANNA ORTIZ

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, I filed the foregoing on this Court's electronic CMF filing system, which will deliver the foregoing via email to the following:

Karen A. Ragland (Bar No. 108560)
Email: Karen.Ragland@fnf.com
915 Wilshire Blvd., Suite 2100
Los Angeles, California 90017
Telephone: (213) 438-4417

DATED this 25th day of February 2021.

/s/ Bilal Essayli
Bilal A. Essayli
Attorneys for JASON ORTIZ and
BRIANNA ORTIZ

# EXHIBIT "A"

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPARTMENT 5

Date: April 28, 2016

| HONORABLE: MARIA E. STRATTON    JUDGE | E. FORTSON , | DEPUTY COURT CLERK |
|---|---|---|
| NONE                         DEPUTY SHERIFF | Not reported | CSR # |

| BP161343<br>IN THE MATTER<br>ARTHUR MEISNER - CONSERVATORSHIP | APPEARANCES:    NONE |
|---|---|

NATURE OF PROCEEDINGS: RULING ON SUBMITTED MATTER OF MARCH 4, 2016

## Ruling

Intervenor PM Investment Groups, Inc.'s motion to expunge lis pendens is denied. Petitioner has established the probable validity of his real property claim.

Petitioner shall prepare and lodge a proposed order forthwith.

## Statement of the Case

On March 26, 2015, the Los Angeles Public Guardian filed two petitions to be appointed temporary and permanent conservator of the person and estate of Arthur Meisner. In support of the petitions the Public Guardian filed a capacity declaration executed by Dr. Alisha Johnson on January 29, 2015. Dr. Johnson is a psychologist with at least two years' experience diagnosing dementia. According to the capacity declaration, Arthur Meisner was so impaired in most categories that he was incapable of being assessed. Dr. Johnson wrote: "The Montreal Cognitive Assessment was administered on 1/15/15 and his score was 4/30 which suggests the presence of a neurocognitive disorder. Additionally, he was administered the money management subtest of the Independent Living Scales and his score was in the impaired range. He was unable to write checks, balance a checkbook, or understand complex financial transactions. He was unable to report his current financial worth or the status of his bank accounts. He recently signed complex legal documents for the sale of his home, but he does not recall signing them and he could not describe the purpose of the documents signed." Dr. Johnson diagnosed Mr. Meisner with major neurocognitive disorder.

On April 3, 2015, the court granted the Public Guardian's petition to be appointed temporary conservator of Mr. Meisner's person and estate. The court also authorized PVP counsel Frank Piro to file an 850 petition with respect to the sale of Mr.

1

Meisner's real property to Royal Crown Solutions, Inc. on December 13, 2014. On April 13, 2015, the court signed the order appointing the Public Guardian as temporary conservator of the person and estate of Arthur Meisner. On May 28, 2015, the court appointed the Public Guardian as conservator of the person and estate of Arthur Meisner.

On April 8, 2015, a petition to quiet title pursuant to Probate Code section 850(a)(1)(D) was filed on Mr. Meisner's behalf by PVP counsel Frank Piro. The petition was filed against Royal Crown Solutions Inc. and any other persons claiming any legal or equitable right, title estate, lien, or interest in the real property known as 3735 Corta Calle Street, Pasadena, California 91107. The petition alleged that on December 13, 2014, conservatee executed a deed transferring title to the property to Royal Crown Solutions Inc. and that he lacked the capacity to do so. The petition prayed for an order determining that the property belongs to the conservatee's estate and that the deed recorded December 23, 2014 is void ab initio without any force or effect. A First Amended Petition filed June 9, 2015, added a second cause of action for elder abuse pursuant to Welfare & Institutions Code section 15600 et seq. and added defendant Michael Martinez.

On August 12, 2015, Royal Crown Solutions, Inc., filed an answer to the verified First Amended Petition. By its answer Royal Crown denied the allegations of the petition and asserted nine affirmative defenses. Michael Martinez has not filed a response to the First Amended Petition.

On December 17, 2015, PM Investment Groups, Inc. (PMI) filed a complaint in intervention. PMI alleged that it has been the title owner of record on the property since January 28, 2015 pursuant to a purchase and sale agreement by which it purchased the property for $350,000 from Royal Crown Solutions, Inc. When it took title, PMI had no notice of any claims of anyone else against the property. PMI then responded to the allegations of the First Amended Petition.

On the same day, PMI filed a motion to expunge lis pendens and a request that the court take judicial notice of the files and records of the action. PMI claims to be a bona fide purchaser for value who acquired the property free and clear of any liens without notice of any other claims on the property. As a bona fide purchaser, PMI claims that petitioner cannot establish the validity of his claim against it. PMI also argued that the lis pendens was neither served on PMI nor filed with the court as required by law.

On January 7, 2016, petitioner filed opposition to the motion to expunge and a Declaration of Frank Piro in support of the validity of the claim. The Declaration stated the facts in support of the claim, namely that the clinical evaluation of Meisner

wherein he was found to lack capacity to enter into complex financial transactions occurred one month after he signed the deed selling the property to Royal Crown; the market value of the property was between $375,000 and $400,000 yet the property was purchased by Royal Crown for $300,000; Royal Crown drafted a promissory note in favor of Meisner that called for no interest to be paid on the outstanding principal due under the note; that Royal Crown has given Meisner approximately $100,025; that in December, 2014, Adult Protective Services contacted Royal Crown and Royal Crown sold the property for $350,000 on January 21, 2015; that PMI has listed the property for $489,000.

On January 7, 2015, petitioner also filed the recorded lis pendens.

On January 12, 2016, PMI filed objections to the evidence presented by way of Declaration of Frank Piro. PMI also filed its reply to the opposition. Petitioner also filed, on February 24, 2016, the Declaration of Rhett Winchell and Declaration of Alisha Johnson, Psy.D,. in support of the opposition to the motion. On February 25, 2016, the Public Guardian, Meisner's conservator, joined the opposition and filed further exhibits in support of its opposition to the motion.

On March 2, 2016, PMI filed another reply in support of the motion.

**Analysis**

CCP section 405.32 provides that the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. Probable validity means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim. (CCP section 405.32.) The court is required to weigh the evidence and make a preliminary determination based on the evidence submitted of whether it is more probable than not that the claimant will prevail on its real property claim. (*Mix v. Superior Court* (2004) 124 Cal.app.4th 987, 994, 995.) Claimant bears the burden of proof. The statute requires a hearing on the merits of the same nature as an attachment proceeding or a claim and delivery proceeding. (*Amalgamated Bank v. Superior Court* (2007) 149 Cal.App.4th 1003, 1016.)
Petitioner may establish the prima facie merit of his action by competent material allegations in a verified complaint, by affidavit, or by other proof allowed by the trial court. (*McKnight v. Superior court* (1985) 170 Cal.App.3d 291, 299.)

Since the filing of the motion to expunge, petitioner has filed a recorded copy of the lis pendens, the technical validity of which has not otherwise been challenged by PMI. This is sufficient to satisfy the technical requirements of the statute. (*Cf.*

*McKnight v. Superior Court* (1985) 170 Cal.App.3d 291, 303 (plaintiff may refile a notice of lis pendens which complies with all requirement of section 409.)

As to the probable validity of the claim, the court finds that petitioner has submitted ample admissible evidence, through his conservator, that he lacked capacity to execute the deed on December 14, 2015. Per the Declaration of Rhett Winchell, Winchell is the President of Kennedy Wilson Auction Group, a real estate operating company that has sold more than 10 billion through real estate auctions. Winchell opines that the value of the subject property, based on a market analysis for 11 sales of comparable properties in the immediate area of the subject property is between $375,000 and $400,000. As set out in PMI's papers, Royal Crown purchased the property for $300,000 and PMI repurchased it from Royal Crown for $350,000.

The Declaration of Alisha Johnson establishes that she is a doctor of clinical psychology and has worked as a forensic psychologist from 2009 to the present, conducting neuropsychological assessments and cognitive screenings for individuals at Metropolitan State Hospital. Dr. Johnson interviewed Meisner on January 15, 2016, one month after the transaction at issue, and concluded that Meisner suffers from a major neurocognitive disorder, possibly due to Alzheimer's disease. He also suffers from impairments in executive functioning abilities; he has difficulty on more complex tasks and his judgment is impaired as he is easily influenced due to his confusion. Dr. Johnson opines that his cognitive deficits interfere with his ability to manage his person, medical care, and function independently. He is unable to understand financial transactions and cannot perform both simple and complex financial tasks. Her opinion, with a reasonable degree of certainty, is that his functioning was compromised in December 2014. "In sum, his cognitive deficits interfere with his ability to understand and appreciate the rights, duties, responsibilities and consequences created by his financial decisions. In addition, he has difficulty weighing the significant risks, benefits, and reasonable alternatives involved in the decisions." (Paragraph 28.)

Dr. Johnson concludes that Meisner is currently susceptible to undue influence and that there is evidence he was susceptible to undue influence and unable to resist fraud in December, 2014, when he executed the deed. (Paragraph 29.) He was "unable to understand the ramifications of the deal." (Paragraph 33.)

Based on these two Declarations alone, and on the court's prior finding in the conservatorship action that Meisner lacked capacity and was vulnerable to undue influence, the court finds that there is a probable validity to his claim that the grant deed was void ab initio because he lacked capacity to execute it. Thus, even if the court sustains PMI's objections to the facts contained in the Declaration of Frank Piro, the facts established by the admissible personal knowledge and expert opinion

4
Minutes Entered: April 28, 2016

Department 5

presented in the Declarations of Rhett Winchell and Alisha Johnson carry petitioner's burden of proof. Petitioner has shown by a preponderance of the evidence that he lacked capacity to execute the deed in December 2014. The fact that he sold the property at a greatly undervalued price is further evidence that he did not understand the significance of what he was doing.

*Promis v. Duke* (1929) 208 Cal. 420, 427 establishes that in California, the fraudulent procurement of a deed will not operate to pass the title and the subsequent purchase from such grantee without notice and for a valuable consideration, derives no title thereby and will not be protected. Petitioner has established, by a preponderance of the evidence, that Royal Crown has no title to transfer to PMI, given Meisner's lack of capacity. The deed was void *ab initio* and therefore PMI cannot rely on the bona fide purchaser doctrine in support of its motion to expunge. (*Wutzke v. Bill Reid Paint Service* (1984) 151 Cal.App. 36, 44 fn.4 (if a conveyance is void for want of delivery, forgery, lack of capacity in the grantor due to infancy, or insanity, etc., it is void still.) PMI is not a bona fide purchaser as a void deed constitutes a nullity and confers no legal rights. (*Wutzke, supra,* 151 Cal.Appl.3d 36, 44 fn.5 (we apply the well established rule that an innocent purchaser or encumbrancer does not recover as against the original owner when his grantor was without good title).

Petitioner has borne his burden of establishing the probable validity of his real property claim by admissible evidence. PMI's motion is denied.

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served this Minute Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Mary W. Jines, Esq.
Deputy County Counsel
350 S. Figueroa Street, Suite 602
Los Angeles, CA 90071


Frank John Piro, Esq.
914 N. Bushnell Avenue
Alhambra, CA 91801

5
Minutes Entered: April 28, 2016

Department 5

Department 5

Paul Damien Kramer, Esq
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660


Curtis W. Herron, Esq.,
212 Main Street, Suite A2
Seal Beach, CA 90740


Vincent J. Davitt, Esq
Troy H. Slome, Esq
444 South Flower Street, Suite 1850
Los Angeles, CA 90071




Dated: April 28, 2016
Sherri R. Carter, Executive Officer/Clerk

By: _____
E. Fortson, Deputy Court Clerk




6
Minutes Entered: April 28, 2016

Department 5